IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RHONDA D. LEWIS, individually and on behalf of similarly situated persons,

Plaintiff,

v.

LUCKY 2 LOGISTICS, LLC D/B/A "NEED IT NOW COURIER"

Defendant.

Case No. 2:19-cv-323
Jury Demanded

## CLASS AND COLLECTIVE ACTION COMPLAINT

Rhonda Lewis, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Lucky 2 Logistics, LLC, does business as Need It Now Courier ("Defendant").

### STATEMENT OF THE CASE

1. The Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA") and the Wisconsin Minimum Wage Law, WI Stat. § 104.02 *et seq.* ("Wisconsin Wage Law"), WI Stat. §109.03 *et seq.*, contain various rules regarding employee wages and working hours. Defendant violated these laws by failing to compensate Plaintiff and other Members of the Class at "time and one-half" their regular rate of pay for all overtime hours worked. Instead, Plaintiff and other similarly-situated drivers, were paid primarily on a day rate basis. This class and collective action seeks to recover damages and back-pay to compensate all current and former drivers of Defendant for their unpaid overtime.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Rhonda Lewis, is an adult resident of this District. Plaintiff was employed as a delivery driver by Defendant during the statutory period and from approximately 2015 through 2019.

3. Lucky 2 Logistics, LLC d/b/a Need It Now Courier has its principal offices at 37-18 57th St., Woodside, New York 11377.

4. This Court has jurisdiction over the FLSA claims in this case under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because acts giving rise to this lawsuit substantially occurred in the forum and Defendant has established minimum contacts within the forum. Plaintiff and other similarly situated drivers serviced routes by performing intrastate deliveries within Wisconsin.

## FACTUAL BACKGROUND

7. Plaintiff was employed by Defendant, to deliver and pick up packages within a service area in and around this District and Milwaukee, Wisconsin.

8. Though the length of each driver's day can vary, which time includes loading time at the terminal and waiting for dispatch, a driver regularly works more than 8 hours per day. In fact and during weeks covered by this lawsuit, Plaintiff, like other drivers, regularly work in excess of 12 hours per day, sometimes 6 days per week or in excess of 60 weekly hours.

9. Although Plaintiff was often required to work more than 40 hours per week, Plaintiff was not compensated at the mandated time and one-half rate for all her overtime hours. No overtime exemption applies to Plaintiff. Plaintiff was paid on a day rate basis, which is a non-exempt, overtime eligible form of pay. *See e.g.*, 29 CFR § 778.112.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a Fed. R. Civ. P. 23 class action, on behalf of Plaintiff and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

**ALL CURRENT OR FORMER DRIVERS WHO DEFENDANT PAID ON A DAY-RATE BASIS DURING THE STATUTORY PERIOD.**

11. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds five hundred.

   b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist. Among the issues and questions common to the class are:

   1) Whether Defendant engaged in a common course of failing to compensate Class Members at an overtime premium of 1.5 times their regular rate of pay for all hours worked in excess of 40 hours per week

   2) whether Defendant engaged in a common course of failing to properly compensate drivers for all hours worked;

3) whether Defendant engaged in a common course of failing to maintain true and accurate records for all hours worked by Class Members;

4) whether Defendant violated state and/or federal law;

5) whether any exemptions apply to Class Members; and

6) the nature and extent of class-wide injury and the measure of compensation for each injury.

c. The claim asserted by Plaintiff is typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. Plaintiff and Class Members were all paid under a similar compensation plan that is challenged in this lawsuit. Plaintiff and Class Members all were denied overtime required by law. Plaintiff's legal theories are identical to those of Class members. In particular, as described above, Plaintiff contends that Defendant engaged in a course of conduct that deprived Plaintiff and Class Members of overtime pay by paying primarily on a day-rate basis, and in doing so, violated state and federal law. Plaintiff's claims, and those of other putative Class Members, are based on the same conduct and compensation practices, seek similar remedies, and therefore, satisfy the typicality requirement.

d. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual claims at issue in this class action involve small amounts and, for most (all) Class Members, it would not be cost-effective to retain counsel to file an individual lawsuit. On information and belief, many of the Class Members do not have the

financial means to hire counsel. The class action process would provide an opportunity that is otherwise not practicable or that is simply not available for many of the individual Class Members.

e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff and other Class Members all are current or former employees of Defendant performing the same types of non-exempt, day rate-paid, package delivery work. Their claims are identical and run solely against Defendant. Plaintiff and other Class Members do not have contractual relationships with each other, hence they do not have cross claims, third party claims, or claims in the nature of contribution, comparative fault, or set-off that would place them at odds with each other. In short, their interests are identical and not in conflict. Furthermore, Plaintiff is represented by experienced class action counsel.

12. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions and were subjected to Defendant's common practice, policies, control, and oversight.

### FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

13. Plaintiff incorporates by reference all of the above paragraphs.

14. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA; and is therefore, subject to the wage requirements under 29 U.S.C. § 203(d).

15. At all relevant times, Plaintiff and FLSA Class Members have been covered employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

16. Defendant is an enterprise engaged in interstate "commerce" within the meaning of the FLSA.

17. At all relevant times, Defendant has had gross annual volume of sales in excess of $500,000.

18. At all relevant times, Defendant has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b) and the attached Exhibit.

19. While employed by Defendant, Plaintiff was engaged in commerce within the meaning of the FLSA.

20. Because of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

21. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in accord with FLSA shall be liable to the employee for the overtime wages, an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs.

22. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violations of Wisconsin Minimum Wage Law *et seq*.)**

23. At all relevant times, Defendant has been and continue to be an "employer" within the meaning of Wisconsin Wage Law and WI Stat. §104.01 and Wis. Stat. Ann §109.01.

24. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of Wisconsin Wage Law §104.01 and Wis. Stat. Ann §109.01.

25. Plaintiff was an employee of Defendant within the meaning of Wisconsin Wage Law §104.01 and Wis. Stat. Ann §109.01.

26. Pursuant to Wisconsin Minimum Wage Law § 104.035 *et seq.* and Wis. Stat. Ann. § 109.01 *et seq.*, the Defendant was required to pay Plaintiff and the Putative Plaintiffs all wages, when due, for all hours of work at hourly rates equal to the rates under the FLSA on their regular pay date.

27. The foregoing conduct, as alleged, constitutes willful violations of the Wisconsin Minimum Wage Act and Wis. Stat. Ann. § 109.01 *et seq.*; *id*.

28. As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff on behalf of herself and the Putative Plaintiffs, seek damages in the amount of their unpaid earned compensation, attorney fees, liquidated damages, plus interest from the date each amount came due.

29. As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due under Wisconsin Wage Law, the Wis. Stat. Ann. § 109.01 *et. seq*, and the FLSA, thereby violating, and continuing to violate, Wisconsin Wage Law and Wis. Stat. Ann. § 109.01 *et. seq.*

30. Plaintiff, on behalf of herself and the Putative Plaintiffs, seek recovery of her attorneys' fees. *Id*.

## JURY DEMAND

31. Plaintiff demands a trial by jury for all issues of fact.

## REQUEST FOR RELIEF

32. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of herself and Class Members and against Lucky 2 Logistics, LLC d/b/a "Need it Now Courier" as follows:

   a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

   b. Ordering prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

   c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

   d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   e. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

   f. Awarding Plaintiff and members of the Class liquidated damages and/or statutory penalties as provided by law; and

   g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Matthew Haynie
Matthew Haynie, Texas Bar No. 24087692
Jay Forester*, Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
Email: matthew@foresterhaynie.com
jay@foresterhaynie.com
*Application for admission forthcoming

*Counsel for Plaintiff*